UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Respondant,<br><br>  -vs-<br><br>JULIO LAGOS-MENDOZA, a/k/a<br>Jose Garcia-Renterin,<br><br>                  Movant. | NO.    CR-09-0157-WFN-1<br><br>ORDER |

Before the Court is Mr. Lagos-Mendoza's pro se 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct Sentence (ECF No. 41). On February 10, 2011, the Court dismissed grounds one and three, but requested that the Government answer grounds two and four. Prior to the Government's response, Mr. Lagos filed a supplement which included five additional grounds. The Government responded to both the original motion and the additional grounds. The Court outlined the procedural history in the last order and will not repeat it here.

**ANALYSIS**

Each of Mr. Lagos' claims allege ineffective assistance of counsel. Mr. Lagos must prove that counsel's performance was deficient and that he was prejudiced by this deficient performance. *United States v. Strickland*, 466 U.S. 668, 687 (1984). Courts must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy."

ORDER - 1

*Strickland*, 466 U.S. at 689. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689 (internal citations omitted). In order to show prejudice, Mr. Lagos must show that but for counsel's errors the results of the proceeding would have been different. *Id.* at 694. The Court expressed doubt as to whether Mr. Lagos' claims support a finding of prejudice. After reviewing the complete briefing, the Court finds that the initial analysis is correct.

In ground two Mr. Lagos alleges that defense counsel's performance was ineffective because defense counsel failed to advise him of the effect of conviction on his immigration status. First, the Court recognizes that failure to inform a client of likely deportation upon a finding of guilty in a criminal proceeding can constitute ineffective assistance. *Padilla v. Kentucky,* 130 S.Ct. 1473, 1483 (2010). However, in *Padilla*, defense counsel assured their client that deportation was not a necessary result of conviction. Mr. Lagos does not allege that defense counsel addressed the issue at all. Further, as the Government indicated, Mr. Lagos is subject to deportation based on charges other than the § 1326 charge. Thus, even if defense counsel's performance was deficient, Mr. Lagos cannot show prejudice because the § 1326 charge had no effect on his deportation. Lastly, from a practical perspective, Mr. Lagos must have had some inkling that he was not going to be permitted in the country due to the nature of the charges as well as his prior removals/deportations.

In ground four, Mr. Lagos alleges defense counsel's performance was deficient because he failed to advise Mr. Lagos of the possibility of getting credit for time served. Even if this allegation is true, Mr. Lagos cannot show prejudice. As the Government argues, the district court cannot calculate the exact time for credit for time served, the BOP has sole discretion. Further, whether or not defense counsel addresses the issue of credit for time

ORDER - 2

served, the statute indicates that, "A defendant shall be given credit toward the service of a term of imprisonment . . . " so Mr. Lagos should receive credit for time served so long as the time served is not on the state sentence.  Mr. Lagos was still serving time on his state sentence at the time of filing the § 2255 Motion so the BOP may not have calculated his time served at the time of filing of the Motion.  Mr. Lagos cannot show prejudice.

Mr. Lagos raised additional grounds following his initial Motion; these grounds are defense counsel's (5) failure to properly investigate and object to sentence based on prior crimes; (6)  defense counsel's failure to complete investigations particularly about when Mr. Lagos' sentence runs; (7)  failure to correct the Court when the Court made an error; (8) failure to accurately predict whether the sentences for the state charge and federal charge would run concurrently or consecutively; and (9) failure to investigate criminal history.  The Court grants Mr. Lagos' request to include these grounds in his original § 2255 Motion; however, the Court finds that these grounds do not support granting Mr. Lagos' Motion.

In the fifth and ninth grounds, Mr. Lagos complains that defense counsel failed to properly investigate, but does not to mention anything that defense counsel missed when doing pretrial investigations.  Further, he complains that defense counsel did not object when the Court properly took into account Mr. Lagos' criminal history score when determining the sentencing range.  Since Mr. Lagos provides no factual support for his claims of failure to investigate and calculating the criminal history score is mandatory for sentencing, this claim must fail.

The sixth ground also lacks merit because even if the alleged deficient performance occurred, Mr. Lagos cannot show prejudice.  Counsel's determination of the exact time and place each sentence will be served would not have effected Mr. Lagos' requirement to serve the time he was sentenced to by this Court and state court.  Further, while counsel could have estimated the time served and attempted to give a ballpark estimate,  credit for time served

ORDER - 3

1  and the length of sentence is ultimately out of the hands of defense counsel so his
2  performance could not have prejudiced Mr. Lagos.

3      In the seventh ground, Mr. Lagos complains that defense counsel failed to object to
4  Court errors, but did not address what errors he alleged occurred. Due to this omission, there
5  are no facts that support Mr. Lagos' claim, so the sixth ground must fail.

6      Lastly, in the eighth ground, Mr. Lagos complains that defense counsel inaccurately
7  predicted whether the Court would impose a concurrent sentence with the state charge. Even
8  if defense counsel was confident that the Court would impose concurrent sentences, Mr.
9  Lagos does not allege that defense counsel made any promises about the final resolution.
10 Certainly if they discussed the issue, Mr. Lagos was surely aware it was possible that the
11 Court may rule differently. Defense counsel mis-guessing the final result led to no prejudice
12 because no matter what defense counsel anticipated might happen, the ultimate disposition
13 was not in his control.

14     In addition to raising several additional grounds, Mr. Lagos also requested that the
15 Court re-open his case for direct appeal. The Court lacks authority to make such an order
16 under these circumstances.

## CERTIFICATE OF APPEALABILITY

18     An appeal of this Order may not be taken unless this Court or a Circuit Justice issues
19 a certificate of appealability, finding that "the applicant has made a substantial showing of
20 the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires a showing that
21 "reasonable jurists would find the district Court's assessment of the constitutional claims
22 debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If a claim is dismissed
23 on procedural grounds the Court must determine whether jurists of reason would find it
24 debatable whether the petition states a valid claim of the denial of a constitutional right.
25 *Slack*, 120 S. Ct. at 1604. Based on the Court's preceding analysis, the Court concludes: 1)
26 that the Movant has failed to make a substantial showing of a denial of a constitutional right

ORDER - 4

1  and 2) that jurists of reason would not find it debatable whether the Court was correct in any
2  substantive or procedural ruling. Thus a certificate of appealability should not issue.
3  Accordingly,
4      The Court has reviewed the file and Motions and is fully informed. Accordingly,
5      **IT IS ORDERED** that:
6      1.  Mr. Lagos' Motion Under 28 U.S.C. § 2255, filed January 25, 2011, **ECF No. 41**,
7  is **DENIED WITH PREJUDICE**.
8      2.  Mr. Lagos' Motion for Appointment of Counsel, filed April 12, 2011, **ECF No. 48**,
9  is **DENIED**. Counsel is not required because Mr. Lagos' direct appeal is not ongoing. It was
10 dismissed on February 8, 2011. The Court notes that Mr. Lagos had appointed counsel for
11 the appeal, Mr. Bryan Whitaker.
12     The District Court Executive is directed to:
13         •   File this Order and provide copies to pro se Movant and to the Government;
14         •   Inform the Ninth Circuit Court of Appeals that if the Movant files a Notice
15            of Appeal that a certificate of appealability is **DENIED**; and
16         •   **CLOSE** the corresponding civil file, CV-11-0037-WFN.
17     The District Court Executive is directed to file this Order and provide copies to
18 counsel.
19     **DATED** this 22nd day of June, 2011.
20
21                          s/ Wm. Fremming Nielsen
                              WM. FREMMING NIELSEN
22 06-21                   SENIOR UNITED STATES DISTRICT JUDGE
23
24
25
26

ORDER - 5